UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICKY TISDALE**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 15-1466**

**BURL CAIN**                                        **SECTION "B"(4)**

ORDER AND REASONS

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections to the Magistrate Judge's Report and Recommendation, hereby overrules the objections and approves the Report and Recommendation of the United States Magistrate Judge, adopting it as its own opinion. Accordingly, and for the reasons set out below,

**IT IS ORDERED** that the petition is **DISMISSED WITH PREJUDICE**.

I.  FACTS AND PROCEDURAL HISTORY

This habeas petition comes from petitioner Ricky Tisdale (hereinafter "Petitioner" or "Tisdale"), currently an inmate at Louisiana State Penitentiary in Angola, Louisiana. On the advice of his counsel, Petitioner pleaded guilty to being a fourth time offender, three counts of distribution of MDMA ("ecstasy"), and one count of possession with intent to distribute MDMA.[1]

---

[1] State Rec., Vol. II of VI, transcript of March 2, 2009; State Rec., Vol. I of VI, minute entry date March 2, 2009.

1

Petitioner was sentenced as a fourth time offender on each count to a concurrent term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2] Petitioner exhausted all state remedies after filing several state appeals and an application for post-conviction relief which was subsequently denied.[3] Now, Petitioner has filed a federal application for habeas corpus relief claiming that he received ineffective assistance of counsel.[4] Specifically, Petitioner alleges, in his habeas petition, that his counsel failed to advise him that he was facing an automatic life sentence under the habitual-offender statute, LA R.S. 15:529.1.[5] Petitioner also states in his Objection to the Magistrate's Report and Recommendation that his attorney failed to disclose a plea agreement to him which would have reduced his life sentence to a fifteen year term.[6]

The state district court held:

> Mr. Tisdale's counsel, James Williams...stated without a doubt that he advised Mr. Tisdale that he was facing life imprisonment. While Mr. Williams does not recall whether he told Mr. Tisdale it was an automatic life sentence, he testified that even knowing it was an automatic life sentence, he would have recommended that Mr. Tisdale plead guilty. Mr. Williams stated that he felt that there was no chance of a verdict of not guilty at trial, and that Mr.

---

[2] State Rec., Vol II of VI, Reasons for Judgement dated November 17, 2009.
[3] Rec. Doc. 14, pg. 3.
[4] *Id.*
[5] Rec. Doc. 14, pg. 4.
[6] Rec. Doc. 16, pg. 2.

>Tisdale's best chance was receiving less than a life sentence following a *Dorthey* hearing.[7]

A *Dorthey* downward departure may be granted when a judge finds that the punishment sentenced is unwarranted.[8] This downward departure is granted during the defendant's sentencing. Mr. Williams testified that he believed his client had no chance of a not guilty verdict at trial and that the strategy of obtaining a *Dorthey* departure was "his only chance".[9]

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

The principal Supreme Court case on the issue of ineffective assistance of counsel is *Strickland v. Washington*. In *Strickland*, the defendant argued that his counsel was ineffective and that this ineffectiveness was a substantial cause of his being sentenced to death. *Strickland v. Washington*, 466 U.S. 668, 671 (1984). Further, the Supreme Court laid out a two-part test to determine whether the defendant's assistance of counsel was ineffective. The test requires a criminal petitioner to show that 1) counsel's performance fell below an objective standard of reasonableness, and 2) that counsel's performance gives rise to a reasonable

---

[7] Rec. Doc. 14, pg. 4.
[8] In *Dorthey*, the Louisiana Supreme Court held that, if the trial judge finds that "the punishment mandated by La. R.S. 15:529.1 makes no measurable contribution to acceptable goals of punishment or that the sentence amounted to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime, he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive." *State v. Dorthey*, 623 So.2d 1276, 1280-81 (La. 1993).
[9] Rec. Doc. 14, pg. 14.

probability that, if counsel had performed adequately, the result would have been different. *Strickland*, 466 U.S. at 691-94. The second prong is more difficult to prove. The second prong, known as the "prejudice" prong, requires that the petitioner "establish prejudice [by proving] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Further, the Court stated that "[an] error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### III. <u>INEFFECTIVE ASSISTANCE OF COUNSEL AS TO COUNSEL'S FAILURE TO ADDRESS THE AUTOMATIC LIFE SENTENCE</u>

The first issue is whether the alleged failure of Petitioner's counsel to address the automatic life sentence warrants setting aside the judgment of Petitioner's criminal proceeding. A petitioner bears the burden of proof on such a claim and "must demonstrate, by the preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993). The first prong of the *Strickland* test requires that the Petitioner show that counsel's performance fell below an objective standard of reasonableness. To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's

4

conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). Here, Petitioner argues that his counsel's performance fell below an objective standard of reasonableness because of counsel's failure to mention that defendant's guilty plea could result in an automatic life sentence. "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty. *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea. *Id*. Here, it is clear that counsel's omission meets *Strickland*'s first prong. In his Report and Recommendation, the Magistrate Judge stated that "there can be little doubt that counsel has performed deficiently [here]."[10]

The second prong of *Strickland* requires that defendant show that counsel's performance gives rise to a reasonable probability that, if counsel had performed adequately, the result would have been different. In order to establish prejudice, the Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59

---

[10] Rec. Doc. No. 14, pg. 11.

5

(1985). Therefore, Mr. Tisdale must show that he would have reasonably rejected his counsel's strategy of pleading guilty and, instead, gone to trial. The test to determine whether a defendant would have rejected a guilty plea "is objective [as] it turns on what a reasonable person in the defendant's shoes would do." *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988). Here, it is objectively reasonable to believe that if Mr. Tisdale would have been informed of the automatic life sentence, he would still have pleaded guilty and hoped for a *Dorthey* downward departure rather than head to trial. The record shows that if Mr. Tisdale headed to trial, there was an extremely high probability of a guilty verdict.[11] Although the state district court judge declined Mr. Tisdale's request for a *Dorthey* departure, a reasonable person would have taken the *Dorthey* route as it was his best chance to avoid a life sentence. Therefore, Mr. Tisdale fails to meet the second prong of the ineffective assistance of counsel test laid out in *Strickland* for the issue of his attorney failing to disclose the automatic life sentence.

---

[11] The evidence included documentation of three separate illegal drug sales to undercover officers, surveillance of Petitioner's home which revealed frequent traffic to and from the house, a monetary amount of $3,878 in defendant's pants at the time of his arrest including bills received from undercover officers, items recovered at his house including drug paraphernalia, a gun, and ammunition. Officers also arrested several people whom stated that they had come to Petitioner's residence to purchase drugs.

**IV.    INEFFECTIVE COUNSEL AS TO THE PLEA AGREEMENT**

The second issue is whether the judgment of the Petitioner's criminal proceeding should be set aside due to the possible failure of Petitioner's counsel to inform him of a 15 year plea offer. Petitioner argues in his objections to the Magistrate's Report and Recommendation that his attorney, Mr. Williams, never communicated to him a 15 year plea offer by state prosecutors.[12]  The existence of this plea offer is not mentioned anywhere in the state record.

In order to determine whether a plea offer ever existed, the Court would have to hold an evidentiary hearing.  However, in *Cullen v. Pinholster*, the Supreme Court addressed the issue of "whether review under §2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before a federal habeas court". *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). The Court held that review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits". *Id.* at 1398. Therefore, review in this case is limited to the record that was before the state court.  Because there is no mention in the state record of an uncommunicated 15 year plea offer, Petitioner is not entitled to an evidentiary hearing as the issue is waived.

---

[12] Rec. Doc. No. 16, pg. 2.

7

**V.     CONCLUSION**

Having considered the Magistrate's Report and Recommendation, Petitioner's objections to the Magistrate's Report and Recommendation, and the applicable law, **IT IS ORDERED** that the petition of **Ricky Tisdale** for federal *habeas corpus* relief is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 26th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE